## DORSEY COUNTY v. WHITEHEAD.

1. PRACTICE: *Transfer of cause.*
A mere transfer to the equity docket does not make a cause which is properly brought at law, one for equitable relief.

2. AGENTS: *Public; Their contracts beyond authority void.*
The agents of a county have no power to bind the county to pay more in county warrants for labor and materials furnished than their cash value in currency, and all who deal with such agents are bound to take notice of the limitations upon their authority.

APPEAL from *Dorsey* Circuit Court in Chancery.
Hon. JOHN M. BRADLEY, Circuit Judge.

*W. P. Stephens* for Appellant.

1. The fraud vitiated the whole proceeding, even if there was a technical compliance with the letter of the statute.

2. The commission was not authorized to make a "scrip contract" with Whitehead.. *Amendatory act March 21, 1881; Union Co., v. Smith, 34 Ark., 684; Goyne v. Ashley Co., 31 Ark., 552.*

3. If the county court ordered a bridge built at one point, and the contractor built it at another, the county is not liable.

4. In *Thomason v. Craighead, et al., 32 Ark., 391*, Thomason & Friend, the purchasers, were in no worse predicament than is Whitehead in this case (for Whitehead was violating the statutes); and yet the court refused to confirm the sale, and the supreme court affirmed.

5. There was in fact no contract until ratified by the county court, which has exclusive original jurisdiction of such matters.

6. There was no contract which was binding upon the county court, representing the county, because the contract was

not let to the lowest and best bidder, and because the bond of Whitehead was never presented to the county court for its approval, and because after the bridge was finished the commissioners were not instructed to make a personal examination and report. See *Acts 1875, p. 259, secs. 3, 4.*

7. The recital of the scrip price in Whitehead's bond, taken in connection with the testimony of Wynn, ought to prevent his recovering, notwithstanding the audaciousness exhibited in the affidavit attached to his claim.

8. The county court had the power, upon the principle laid down in *Shirk v. Pulaski Co., 4 Dill., 209,* and approved in *State, use of Izard Co., v. Hinkle, 37 Ark., top of page 541,* to cut down the claim so as to make the allowance accord with the policy of the law, but the court was more liberal than it should have been, and perhaps, itself impinged upon the statutes in its depreciating estimate of scrip.

9. The county court ought to have refused to ratify the report of the commissioners, and had the power to disallow the claim. *Desha Co. v. Newman, 33 Ark., 788; Shirk v. Pulaski Co., supra.*

10. If appellant was not entitled to a jury to try the issues of fact, still the court below erred egregiously in transferring the case to the equity docket, and thus compelling the parties to go to trial upon oral testimony, without any consent or agreement and without depositions, contrary to the established practice in courts of equity. It was an appeal from the county court, however, and equity had no jurisdiction.

11. But it seems the appeal from the county court was made under a misapprehension, and claimant should have appealed from the judgment or final order refusing to confirm the report of the commissioners. Until that report or the letting of the contract is ratified by the county, either on its own motion or under the supervisory order of the circuit court, there is no contract.

Dorsey County v. Whitehead.

12. Error is apparent on the face of the decree rendered by the court below in equity. 'The finding of the chancellor, following the testimony of Wynn, is for $820 in Dorsey county warrants, and the decree accordingly. (See transcript p. 31.) This decree would doubtless enforce the "scrip contract," but does it not violate the law? Should it not have been for so many dollars and cents?

13. The law makes a distinction between the obligatory effect of the acts of public and those of private agents; and the rule is indispensable, in order to guard the public against losses and injuries arising from fraud or mistakes, or rashness and indiscretion of their agents. *25 Ark., 261.*

*Sol. F. Clark & Son* for Appellee.

The commissioners pursued their authority exactly.

They did just what they were required to do, and what they did was open and notorious, and the building of the bridge was a public act, visible to all the citizens of the county, and the county now has the bridge in possession and use; and the bridge was tacitly received and put to use some length of time after the contract for its construction was let. If there was any fraud or any one who would have built it for a less sum, or any other objections, they should have been made before the bridge was completed and had been received by the county.

The county has no right to receive and appropriate the bridge and wear it out and then set up these objections.

But all the objections set up in the defense were matters of fact and were submitted to the court as a jury, and the court sitting as a jury passed upon them and found for the plaintiff.

Even if the preponderance of the evidence was against the plaintiff the court will not disturb the finding, if there is any evidence at all to sustain it, and all three of the commissioners

and the plaintiff himself swear to the *bona fides* of the transaction.

The contract here was to be paid in county warrants. Is there any law which prohibits such contracts? We are aware that claims against counties cannot be enhanced from their money value on account of their depreciation of county scrip. *Gantt's Dig.*, sec. 602; *Amendatory Act, March 21, 1881—see Acts 1881, p. 130; Union Co. v. Smith, 34 Ark., 683.*

But the claimant here takes the oath prescribed by the statute. This oath is to the effect that the contract though to be paid in scrip, was at a cash value and there is nothing to show that it was not at a cash value. Witnesses swear only that the price was more than the work was worth in cash, but they do not swear, and there is nothing to show, that this was on account of depreciation of scrip. There is no law that we know of that prevents a county from making an improvident contract, or from paying more for property or labor than the market value.

It must be shown that the county agreed to pay more in scrip than the money value on account of the depreciation of the scrip.

There is no evidence. The fact that the payment was to be in scrip does not prove it, and the evidence of the commissioners and the plaintiff is to the contrary.

Certainly the case is not at all like the case of *Union Co. v. Smith*, nor that of *Goyne v. Ashley Co., 31 Ark., 552.*

SMITH, J. Whitehead exhibited his demand against the county for $820, for the building of a bridge across a stream. The county court declared that the amount charged was exorbitant; that $189 would be a fair price in currency for the bridge; but inasmuch as county warrants were worth only forty cents in the dollar of their face value, it allowed him $472.50. Whitehead appealed to the circuit court; and there the court,

upon its own motion and against the protests of both parties, transferred the cause to equity, and upon final hearing, rendered judgment against the county for the full amount of the claim.

No equitable element was involved in the issue. The county court, in which the action was begun, has no equity jurisdiction. A mere transfer to the equity docket does not make a cause, which is properly brought at law, one for equitable relief. The transfer deprived the parties of their right to a jury trial. If a fair and impartial trial could not be had before a jury of that county, by reason of the interest of the jurors as citizens and tax payers in the result, the claimant should by proper application have changed the venue.

On the trial it appeared, amongst other things, that the contract was let to Whitehead, by three commissioners appointed by the county court, at the price of $820; that the length of the bridge was 126 feet, and it was worth from $1.50 to $2 per linear foot to build the bridge according to the plan and specifications reported by the commissioners and adopted by the court; but the county scrip of Dorsey, which was to be the medium of payment, was very much depreciated.

This case is governed by *Barton v. Swepston, 44 Ark., 437.* It was there ruled that the agent of a county has no right to bind the county to pay more in county warrants than the cash value of the labor and materials used; and all who deal with such agent are required to take notice of the limitations which the law imposes upon his authority.

Reversed and remanded with directions to restore the case to the law docket and to proceed in conformity to this opinion.